IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORTEZA BAKHTIARI,<br><br>        Plaintiff,<br><br>    v.<br><br>JAMES A. YATES, et al.,<br><br>        Defendants.<br>_____/ | Case No. 1:11-cv-00102 AWI JLT (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT CERTAIN CLAIMS AND DEFENDANTS BE DISMISSED |

Plaintiff is a state prisoner proceeding with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is represented by counsel. On January 24, 2011, the Court screened Plaintiff's complaint and found that it states the following cognizable claims: (1) excessive force under the Eighth Amendment against Defendants Widlund, Gonzales, Gallegos, and Lopez; (2) inadequate medical care (prescription medication) under the Eighth Amendment against Defendants Widlund and Hernandez; (3) inadequate medical care (post-altercation treatment) under the Eighth Amendment against Defendants Widlund, Lopez, Gonzales, Gallegos, and Hernandez; and (4) retaliation under the First Amendment against Defendant Gonzales. (Doc. 7.) The Court ordered Plaintiff to file an amended complaint or notify the Court of his willingness to proceed on the claims found cognizable by the Court in its screening order. (Id.) On January 27, 2011, Plaintiff filed written notice with the Court, stating that he wished to proceed only on those claims found cognizable by the Court. (Doc. 8.)

/////

1

Accordingly, it is **HEREBY RECOMMENDED** that:

1. Plaintiff's inadequate medical care claims against Defendants Gonzales and Gallegos regarding the denial of prescription medication be **DISMISSED**;
2. Plaintiff's equal protection claims against Defendants Widlund, Gonzales, Gallegos, Lopez, and Hernandez be **DISMISSED**;
3. Plaintiff's conspiracy claims under 42 U.S.C. §§ 1985 and 1986 against Defendants Widlund, Gonzales, Gallegos, and Lopez be **DISMISSED**;
4. Plaintiff's claims against Defendants Yates, Fogal, and Shannon be **DISMISSED**; and
5. This action be allowed to proceed on the following claims: (1) excessive force under the Eighth Amendment against Defendants Widlund, Gonzales, Gallegos, and Lopez; (2) inadequate medical care (prescription medication) under the Eighth Amendment against Defendants Widlund and Hernandez; (3) inadequate medical care (post-altercation treatment) under the Eighth Amendment against Defendants Widlund, Lopez, Gonzales, Gallegos, and Hernandez; and (4) retaliation under the First Amendment against Defendant Gonzales.[1]

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). Within ten days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 28, 2011**                                    /s/ Jennifer L. Thurston
                                                              UNITED STATES MAGISTRATE JUDGE

---

[1] The Court will instruct the Clerk of the Court to issue summons for Defendants upon adoption of these findings and recommendations by the assigned district judge.